47 CCPA

### Application of Harry B. FUGE.
#### Patent Appeal No. 6442.

United States Court of Customs
and Patent Appeals.
Dec. 7, 1959.

Chester A. Williams, Jr., New York City, for appellant.

Clarence W. Moore, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge*

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of claims 19 and 20 of appellant's application for a patent on a positional control system for sewing machines. The claims read:

"19. In control mechanism for a sewing machine, in combination, a main driving means with energizing means therefor, a rotary part rotatable with and driven by said main driving means, a brake element journaled for rotational movement with said rotary part and adapted to cooperate with said part to retard the machine, a slow speed driving means operatively connected with said brake element to drive said brake element at a speed slower than the speed of said part, an electrical circuit for operating the slow speed driving means, means to simultaneously energize said electrical circuit to operate said slow speed driving means and render the main driving means ineffective to operate the sewing machine, means movable synchronously with the machine, and electrical circuit including means cooperative with said synchronously movable means and effective only when said part is retarded by said brake element to a predetermined rotational speed to permanently open said electrical circuit and stop the machine with the rotary part in a substantially predetermined angular position.

"20. In control mechanism for a sewing machine as defined in claim 19, and means preventing the operation of said circuit opening means prior to the synchronization of the brake element and the rotary part of the machine."

O'CONNELL, pursuant to the provisions of Title 28 U.S.C. § 294(d).

The sole reference relied on is the patent to Wiggerman (Belgian), 501,285, issued February 28, 1951.

Appellant has also included in the record and discussed in his brief the patent to Brinkman et al., 2,747,715, issued May 29, 1956, from which the claims here were copied. That patent corresponds generally to the Belgian patent. The oath in the Brinkman et al. application acknowledges the Belgian application, on which the Wiggerman patent was granted, as an application for patent on the same invention as Brinkman et al.

The disclosure of appellant's own application and its sufficiency to support the claims are not in issue here and need not be considered.

Appellant's application was filed July 22, 1952, and he later included an affidavit under Patent Office Rule 131 which the examiner found to be sufficient to antedate the *publication* date, May 9, 1952, of Wiggerman.

Appellant contended below that Wiggerman could not be accorded either the date of its granting or the date it became available to the public, but was restricted to its publication date. However, in view of In re Bo Thuresson Af Ekenstam, 256 F.2d 321, 45 CCPA 1022, decided after the decision of the board in the instant case, but prior to the hearing before this court, appellant's counsel acknowledge the applicability of that decision to the case at bar and during oral argument conceded that the reference has an effective date *as a patent* more than one year prior to appellant's United States filing date.

■ It is well settled, and not disputed here, that a patent even though it is not a printed publication is a reference to the extent that it protects the rejected invention. Accordingly, if the Wiggerman patent protects the invention defined in the appealed claims it is a statutory bar to their allowance.

Wiggerman relates to a device for causing a sewing machine to stop with the needle in its upper position, and comprises a brake disk fixed to the flywheel shaft of the machine and having a control pin on its periphery which is in its highest position when the needle of the machine is also in the highest position. Mounted adjacent to the brake disk and on a shaft coaxial with the flywheel shaft is an electro-magnetic brake element also of disk form which, when the magnet is energized, moves against the brake disk and retards its motion. The supply of current to the magnet is controlled by a switch which is actuated by the control pedal of the sewing machine, so that the switch will be closed to energize the magnet as the pedal moves from the on to the off position. At the same time the switch closes a circuit which starts an electric motor mounted on the shaft of the brake element and operating at a speed substantially lower than that of the flywheel shaft in the same direction as that shaft. Means are provided which become effective when the flywheel shaft slows to a speed below that of the motor to shift the end of a contact element into the path of the control pin on the brake disk at the top of its movement so that when the pin reaches that position it will lift the contact, thus opening the motor circuit and stopping the motor and the sewing machine in that position.

While Wiggerman does not illustrate the sewing machine motor or the connections for operating it, the specification states that when the control pedal is released "the rotatory motor of the sewing machine ceases receiving current." There is thus a clear disclosure that the machine is driven by an electric motor whose circuit is opened and closed by the control pedal.

Everything covered by the appealed claims was patented in Belgium by Wiggerman. It is to be noted that those claims originated in and were copied from the Brinkman patent, having a disclosure which, so far as those claims are concerned, is substantially identical with that of Wiggerman except that Brinkman diagrammatically illustrates the sewing machine motor and a pedal-

operated switch for controlling it, whereas Wiggerman discloses them only in the specification.

The Wiggerman patent does not have any portion which is designated as a claim, but in the decisions of the Patent Office and briefs filed here it is assumed that the résumé at the end of the specification is a definition of what is protected. We need not decide whether that assumption is correct, since it is evident that, at the least, the scope of the patent embraces everything included in the résumé.

The résumé of the patent is in a form quite different from the form required of patent claims in this country, thus a side-by-side comparison is not possible. We think it clear, however, that the résumé expressly covers all elements of the appealed claims except the "main driving means with energizing means therefor" and the "means to simultaneously energize said electrical circuit to operate said slow speed driving means and render the main driving means ineffective to operate the sewing machine." Those are the elements principally relied on by appellant as distinguishing the appealed claims from the résumé.

It is true, as appellant contends, that the Wiggerman résumé does not state in so many words that there is a main driving means. It does, however, recite a rotary sewing machine and refers to a control element which rotates with the machine. Further, it states that the "rotatory" device, which is the slow speed motor, may be connected "by the control element of the machine itself at the time of disconnection thereof." In our opinion the above excerpts, taken in context with the remainder of the résumé, necessarily contemplate that there shall be a main motor for operating the sewing machine, and that its control element may be so coordinated with that of the slow speed motor that the circuit of the latter will be closed when the main driving means is rendered ineffective by opening its circuit.

We have given careful consideration to the thorough discussion in appellant's brief, but are of the opinion the invention as protected by the Wiggerman patent is the same in all essential respects as that to which the appealed claims are directed. That patent is therefore a statutory bar under 35 U.S. C. § 102(b).

The decision is affirmed.

Affirmed.